## In re Maria Del Carmen MARTINEZ ORTIZ, Debtor.

### No. 03–08814 (ESL).

United States Bankruptcy Court, D. Puerto Rico.

March 23, 2004.

Aracelis Colon Sanchez, Cayey, PR, for Debtor.

### OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Bankruptcy Judge.

The question before the court is whether a property, which was foreclosed prepetition, is property of the estate within the scope of the provisions of section 541 of the Bankruptcy Code, and applicable Puerto Rico law. For the reasons set forth

below, we find that the foreclosed property is property of the estate.

### Factual and Procedural Background

On April 19, 2000, the debtor, María del Carmen Martínez Ortiz, executed a Mortgage Note in favor of Champion Mortgage Corporation as collateral to a loan in the amount of $21,900.00 plus 12% interest rate. The mortgage note was recorded in the Registry of Property, Caguas Section, where the real property owned by Ms. Martínez is located, to duly secure the loan extended by Champion Mortgage Corporation. Ms. Martínez defaulted on the loan on February 1, 2002. On July 16, 2002, R & G Mortgage Corporation ("R & G") filed an ordinary foreclosure action before the state court.[1] Judgment by Stipulation was notified on November 21, 2002. On April 7, 2003, the state court issued the Order for Execution of Judgment and Judicial Sale, and on April 14, 2003, the Clerk of the Court issued the Warrant for Execution. The public auction was held on August 4, 2003. The foreclosed realty was adjudicated to Mr. Augusto Brandes Blanco in the amount of $36,100.00, and said amount was deposited with the court on August 4, 2003. The marshal filed the record of the public auction on August 4, 2003. On August 11, 2003, R & G filed a motion requesting the withdrawal of funds. Ms. Martínez requested the stay of the state court proceedings on August 19, 2003, based on the filing of her petition for relief filed on August 15, 2003. The state court granted R & G withdrawal request, but stayed the order based on debtor's motion to stay the proceeding, as per Order notified on September 2, 2003. The state court entered Judgment ordering the filing of the proceeding without prejudice based on the filing of Ms. Martínez' bankruptcy petition. The Judgment was notified on September 3, 2003. R & G filed a second request to withdraw the funds in the state court proceeding, on September 29, 2003, and the same was denied based on the automatic stay provisions of the Bankruptcy Code. Said Order was notified on November 24, 2003. The above findings are based on the certified copies of the state court record provided by Ms. Martínez.

Ms. Martínez filed for relief under Chapter 13 of the Bankruptcy Code on August 15, 2003. The debtor included in her schedules the foreclosed property, and secured creditor R & G. The debtor also requested an exemption on said property. The schedules and statement of financial affairs were filed on August 15, 2003, and were later amended on October 9, 2003 (Docket entry No. 8), to include the information related to the foreclosure proceeding filed before the state court. An Amended Chapter 13 Plan was also filed on October 9, 2003 (Docket entry No. 7). The October 9, 2003 plan provides that payment of arrears to R & G would be made through the trustee, and current payments to be made directly by debtor to R & G. The confirmation hearing was held on November 5, 2003 but it was continued without a date pending the filing of the parties' legal memorandums addressing the issue of whether the debtor's property, which was foreclosed prepetition, is property of the estate. The parties filed their legal memoranda, and the court took the matter under advisement.

### Applicable Law and Discussion

The issue before the court is whether a property foreclosed prepetition is property

---

1. Pursuant to the certified record of the state proceeding, R & G acquired the Mortgage Note from Champion Mortgage Corporation during the ordinary course of business, and prior to the filing of the complaint. Thereafter, R & G negotiated the Mortgage Note to Fannie Mae. The substitution of parties was approved by the state court on April 2, 2003, and the order was notified on April 14, 2003.

of the estate within the scope of the provisions of section 541 of the Bankruptcy Code, and applicable Puerto Rico law.

Section 541(a) of the Bankruptcy Code governs what comprises property of the estate.[2] *See Tidewater Finance Company v. Moffett (In re Moffett),* 356 F.3d 518 (4th Cir.2004). This provision is subject to the exceptions enumerated in section 541(b) of the Code. "However, nothing in this section 541 can revest debtor with property lost prepetition, such as through foreclosure and eviction." 5 Lawrence P. King, *Collier On Bankruptcy* ¶ 541.04 (15th Edition Revised 2003). When considering "the debtor's interests in real property it is necessary to look outside of bankruptcy law to determine the nature and extent of such interests." *Collier* ¶ 541.05. *See also Moffett, supra; Boyd v. U.S./FmHA (In the Matter of Boyd),* 11 F.3d 59 (5th Cir.1994). Section 541(d) provides whether or not a property is property of the estate when the debtor only has bare legal title on the property and lacks any equitable interest.[3] To determine whether debtor's foreclosed property is property of the estate, or the nature of debtor's interest in said property, if any,

we must examine the applicable statutory provisions of Puerto Rico law.

The Puerto Rico Civil Code, Title 31 of the Laws of Puerto Rico Annotated (31 L.P.R.A.), governs the property rights acquired by the purchaser of a real property under a sale contract. In a private sale governed by the Puerto Rico Civil Code provisions, the seller may file a collection of moneys action, in the event of default. In the event that a mortgage was created to secure the loan, then the Puerto Rico Mortgage Law, which provides other collection alternatives, may be applicable.

The Puerto Rico Mortgage Law, 30 L.P.R.A., governs the procedure to create a mortgage to secure a loan on a real property, and the procedure to foreclose the mortgage when the purchaser defaults on the terms and provisions of the mortgage note. Rules 51.3[4] and 51.8 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. III, R. 51, set forth the procedural requirements for the execution of judgment in a foreclosure action, that is, the notice of sale; the public auction; the judicial sale, and the execution of the certificate of sale. Strict compliance of these

---

2. Section 541(a)(1) of the Bankruptcy Code provides:
 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

3. Section 541(d) provides:
 (d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes

property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

4. Rule 51.3(a) provides in its relevant part:
 ... Whenever the court orders a judicial sale of personal or real property, said order shall have the force and effect of a writ directing the physical delivery of the possession, and it shall be so stated in the judgment or order so that the marshal or any other acting officer may proceed to put the purchaser in possession of the property sold within the period of twenty (20) days after the sale or public auction, without prejudice to the rights of third persons who have not participated in the proceeding.

procedural requirements is of the essence in order to determine when and how the legal title is indeed transferred to the best bidder in a foreclosure action under the Puerto Rico Mortgage Law.

■ In Puerto Rico, a property may be foreclosed either through a summary statutory proceeding or an ordinary statutory proceeding. 30 L.P.R.A. §§ 2701 *et seq.* Generally, the ordinary foreclosure proceeding is preferred by counsel, insofar as the summary proceeding requirements are more strict. One of the most notable differences between both proceedings is that, in a summary foreclosure proceeding, the judicial sale is subject to the confirmation of the court, while in the ordinary proceeding it is not. *See* 30 L.P.R.A. §§ 2701 *et seq.* If counsel follows the ordinary foreclosure proceeding, then the provisions of Rule 51.8 are mandatory. Failure to comply with the requirements of Rule 51.8 may entail the nullity of the judicial sale.

Rule 51.8(d) governs the procedure applicable to judicial sales. The procedure is divided in four steps, to wit: (a) the notice of sale; (b) the public auction; (c) what to do in the event that the highest bidder fails to pay the bid amount; and, (d) the delivery of the property and the certificate of sale. Rule 51.8(d) provides:

> After the sale, the officer in charge of conducting it shall draft a certificate accounting for the sales proceeding and the subsequent award to the highest bidder who shall pay the purchase price in cash or through a certified check to said officer. In extraordinary cases, the court may order any other kind of payment. In case of personal property, the

officer shall deliver the property to the purchaser and, at his request, shall deliver to him a copy of the certificate of sale. Such certificate shall be deemed as the official evidence of the purchaser's title to the property subrogating him in all the rights of the debtor in such property. **When real property is sold, the officer in charge of the sale *shall* execute a public deed in favor of the purchaser before the notary public chosen by said purchaser and the latter shall pay for such deed.** (Emphasis ours.)

■ The question before the court hinges on the provisions of Rule 51.8(d), that is, whether the judicial sale of the foreclosed property was perfected through the conveyance of title prior to debtor's petition for bankruptcy. In *Cooperativa de Ahorro y Crédito La Sagrada Familia v. Registrador de la Propiedad,* 142 D.P.R. 369, 382 (1997), the Puerto Rico Supreme Court specifically address this issue in a foreclosure action filed under the ordinary foreclosure statutory provisions of the Puerto Rico Mortgage Law. The Court held that after the public auction is held and the property is adjudicated to the highest bidder, the officer in charge of the auction or the marshal shall prepare an auction memorandum and file it with the court. Immediately thereafter, the officer in charge or the "marshal shall execute a public deed wherein title is conveyed on behalf of the highest bidder."[5] (Translation ours.) To reach this conclusion, the Supreme Court made reference to the provisions of Rule 51.8(d) for the ordinary foreclosure pro-

---

5. The text in Spanish reads as follows:
 Una vez preparada la referida acta y adjudicada la propiedad, el alguacil debe proceder entonces a otorgar una escritura pública de traspaso en favor del rematante o del adjudicatario. Véanse: Regla 51.8 de Procedimiento Civil, *supra*, para el procedimiento ordinario de ejecución, y Art. 230 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. § 2730, para el procedimiento sumario.

ceedings, and 30 L.P.R.A. § 2730 for the summary foreclosure proceedings.

In *In re Hernández,* 244 B.R. 549, 552 (Bankr.D.P.R.2000), this court held that "in a mortgage foreclosure sale, title of the property is transferred to the purchaser when the deed of judicial sale is executed." This court also held:

In Puerto Rico, the delivery is made at the time of the execution of the deed. *Valcárcel v. Sancho, Treasurer,* 61 P.R.R. 207, 211 (1942). In a judicial sale, when the real property is sold, the marshal and or officer in charge of the judicial sale shall execute a public deed in favor of the purchaser. Rule 51.8(d) of the Puerto Rico Rules of Civil Procedure, Title 32, L.P.R.A. Thus, two events must have occurred in order to consummate the judicial sale: the adjudication of the sale and the execution of the deed.

. . .

Under the laws of Puerto Rico a sale of real property is consummated and perfected by the delivery of the property to the purchaser and by the execution of a public deed in its favor. Rule 51 of the Rules of Civil Procedure of Puerto Rico, [and] 31 L.P.R.A. § 3811. Rule 51.3 states that an order for the judicial sale of a property has the effect of a writ directing the physical delivery of the possession. Rule 51.8(d) provides that in a judicial sale of real property the officer in charge of the sale need only execute a public deed to constitute the delivery of the property. Such a proviso contrast with the sale of personal property which requires actual delivery to the purchaser. The proposition is consonant with 31 L.P.R.A. § 3811 which provides that when the sale of a property is through a public deed, the execution of the public deed shall constitute delivery of the property. (Citing from *Property Concepts, Inc. v. Hernández*

*Collazo, et al. (In re Hernández Collazo),* Case No. 92–04530(ESL), Adv. Proc. No. 92–0138, slip. op. at 3–4 (Bankr. D.P.R. April 1993)).

In the instant case, the public auction was held on August 4, 2003, and the property was adjudicated on that same date to the highest bidder. The marshal in charge of the auction filed the auction memorandum on August 4, 2003. On August 15, 2003, the debtor filed her bankruptcy petition. On August 19, 2003, the debtor requested the stay of the judicial sale based on the filing for bankruptcy. The state court record shows that, as of August 19, 2003, the marshal has not executed the public deed to transfer the title of the foreclosed property to the highest bidder, thus, the marshal has not delivered the property to the new purchaser. On September 2, 2003, the state court stayed its order allowing R & G's withdrawal of funds, and also ordered the filing of the proceeding without prejudice based on the filing of debtor's bankruptcy petition.

■■ The debtor claims that the foreclosed property is property of the estate, insofar as debtor has a legal interest in the foreclosed property because title has not been conveyed to the new purchaser as of petition date. R & G alleges that the property is not property of the estate, because the judicial sale is perfected at the time the property is adjudicated by the marshal to the highest bidder, and that the execution of a public deed is not required to "deliver" the property or to convey title of the property to the new purchaser. We disagree. Once a foreclosure action is initiated under the ordinary foreclosure statutory provisions of the Puerto Rico Mortgage Law, the provisions of Rule 51.8(d) are mandatory. Thus, title of the foreclosed property is not transferred until the judicial sale is perfected through the execution of a public deed wherein the mar-

shal conveys the title of the foreclosed property to the new purchaser. Until this requirement is met, the judicial sale is not perfected under Puerto Rico law. *See La Sagrada Familia, supra, Hernández, supra,* and *Saldaña de Pablo,* Case No. 03–01830(JMD), slip. op. (March 4, 2004). If the judicial sale has not been perfected by petition date, then the debtor has a legal interest in the property under section 541(a) of the Bankruptcy Code, and the foreclosed property is property of the debtor's estate.

### Conclusion

In view of the foregoing, the court finds that the property subject to the foreclosure proceeding is property of the estate pursuant to section 541(a) of the Bankruptcy Code.

SO ORDERED.