**Raul Ramos RODRIGUEZ, Debtor.**

**Raul Ramos Rodriguez, and Jose R. Carrion, Chapter 13 Trustee, Appellants,**

v.

**Inmobiliaria Naihomy, Appellee.**

**BAP No. PR 04–064.**

**Bankruptcy No. 04–03904–GAC.**

United States Bankruptcy Appellate Panel for the First Circuit.

Dec. 1, 2005.

Jose A. Leon Landrau, Caguas, PR, on brief for Appellant Raul Ramos Rodriguez.

Isa M. Gratacós Padró, on brief for Appellee.

Before VOTOLATO, DEASY, and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

Before the Panel is an appeal from a November 18, 2004 bankruptcy court decision and order granting Inmobiliaria Naihomy's (the "Buyer") motion for summary judgment, and motion for leave to evict the Debtor from his home in Caguas, Puerto Rico (the "Property"). At issue in this appeal is whether the Debtor was divested of his interest in the Property upon the "adjudication"[1] of such property at a prepetition judicial sale.[2] This statement still begs the question, however, for the following reason: Since there is no clear precedent as to whether, under Puerto Rico law, title to real property is transferred upon "adjudication" at a judicial sale, or upon the marshal's subsequent execution of a deed, the Panel must rule as to which is the operative act to transfer title to real estate. Put another way, we need to determine whether the statutory requirement that the presiding marshal execute a public deed is merely a symbolic act, or whether said action by the marshal is a statutory prerequisite to the transfer of title. For the reasons discussed below, we conclude that the execution of a deed by the marshal is not merely symbolic, that said action is required to transfer title, and that on the facts here, i.e., without the marshal's deed, the Debtor's house is property of the estate.

## BACKGROUND

Prior to the filing of this bankruptcy case, Doral Financial Corporation (the "Bank") brought a foreclosure and collection of monies action against Rodriguez in the Superior Court of Caguas, judgment was entered for the Bank in May 2001, and the Property was adjudicated to the Buyer at a judicial sale on April 6, 2004. The Debtor filed his chapter 13 petition on April 12, 2004. The marshal's deed was also executed on April 12, 2004, but *after* this bankruptcy case was filed. Two months later, the Buyer filed his Motion for Relief in the bankruptcy court, requesting leave to proceed in the state court to evict the Debtor on the ground that the pre-petition judicial sale had extinguished all of his interest in the property. The Debtor filed a response in which he did not dispute the factual allegations, but argued that the Property was part of the estate because "the transfer of tradition did not take place." After hearing, the bankruptcy judge asked the parties to file dispositive motions.

The Buyer moved for summary judgment, again arguing that the Property was not part of the estate because all of the Debtor's interest therein had been foreclosed prior to commencement of the case. The bankruptcy court granted summary judgment, and this appeal followed.

---

1. The term "adjudication" is generally understood and defined as: "1. The legal process of resolving a dispute; the process of judicially deciding a case. 2 Judgment." *Black's Law Dictionary, Eighth Edition,* 2004. However, with respect to a judicial sale of real property in Puerto Rico, "adjudication" is a term of art indicating when title to property passes. *In re Ortiz,* 306 B.R. 727, 732 (Bankr.D.P.R. 2004); *In re Hernandez,* 244 B.R. 549, 552 (Bankr.D.P.R.2000).

2. As neither party addressed the implications of § 1322(c)(1), that section has not been considered in this analysis. Section 1322(c)(1) provides:

a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.

## JURISDICTION

A bankruptcy appellate panel may hear bankruptcy court appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or, with leave of court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted), and an interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' " *Id.* (quoting *In re American Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits, even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.,* 226 B.R. 724 (1st Cir. BAP 1998). An order concluding that realty is not property of the bankruptcy estate and granting relief from stay to proceed with eviction proceedings is a final order. *See Sampsell v. Imperial Paper & Color Corp.,* 313 U.S. 215, 218, 61 S.Ct. 904, 85 L.Ed. 1293 (1941); *In re Henriquez,* 261 B.R. 67, 69 (1st Cir. BAP 2001). The appeal before us is clearly final, as is our jurisdiction.

## STANDARD OF REVIEW

Appellate courts generally apply the clearly erroneous standard to findings of fact, and *de novo* review as to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir.1994). As this appeal involves an issue of statutory inter-pretation, the Panel reviews the Decision *de novo. See McMullen v. Sevigny (In re McMullen),* 386 F.3d 320, 331 (1st Cir. 2004).

## DISCUSSION

### A. Property of the Bankruptcy Estate

Whether and to what extent the debtor has an interest in property is a matter of state law, and whether such interest is property of the bankruptcy estate is determined according to federal law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Section 541(a)(1) of the Bankruptcy Code provides that estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and courts construe § 541 broadly to include any and all of the debtor's property rights within the bankruptcy court's jurisdiction. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Section 541 cannot, however, revest a debtor with property lost pre-petition, as through foreclosure and eviction. *In re Ortiz,* 306 B.R. 727, 729 (Bankr.D.P.R.2004) (citing 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 541.04 (15th ed. rev.2003)). Therefore, whether the Debtor's house was property of the estate as of the date of the petition turns on whether, under Puerto Rico law, title transferred upon the pre-petition adjudication of the property to the Buyer.

### B. Applicable Puerto Rico Law

In Puerto Rico property may be foreclosed through either a *summary statutory* proceeding or an *ordinary statutory* proceeding. *Ortiz,* 306 B.R. at 731. Generally, the ordinary statutory proceeding is preferred, as the procedural steps for summary statutory proceedings are more cum-

bersome, including the requirement of court confirmation of the sale. *Id.* With ordinary statutory proceedings, the provisions of Rule 51.8 of the Puerto Rico Rules of Civil Procedure ("Rule 51.8") are mandatory, *id.*, and failure to comply with the Rule may result in nullification of the judicial sale. *Id.* In the instant case, the sale was an ordinary statutory proceeding; therefore, Rule 51.8 governs.

Rule 51.8 provides instruction as to proper notice of the sale, how to conduct the public auction, what to do in the event the winning bidder fails to perform, and how to accomplish delivery of title to the property and the certificate of sale, *see id.*, and the question of *when* title passes to the buyer turns on the court's interpretation of the Rule:

> After the sale, the officer in charge of conducting it shall draft a certificate accounting for the sales proceeding and the subsequent award to the highest bidder who shall pay the purchase price in cash or through a certified check to said officer. [...] When real property is sold, the officer in charge of the sale *shall execute a public deed* in favor of the purchaser before the notary public chosen by said purchaser and the latter shall pay for such deed.

*Id.* (emphasis added). There is no clear precedent from the Puerto Rico Supreme Court or the First Circuit regarding at what point in a judicial sale proceeding title to realty passes to the buyer, and in the absence of such appellate guidance, two differing bankruptcy court approaches have emerged: a "symbolic" interpretation and a "literal" interpretation of Rule 51.8(d). *Ortiz*, 306 B.R. at 731–32.

In the present case, the bankruptcy court used the interpretation under which the marshal's execution of the public deed is merely symbolic, and therefore is not required to pass title. Courts using this approach rely on *Rios v. Banco Popular*, 81 P.R.R. 368 (1959), a decision by the Supreme Court of Puerto Rico holding that the limitations period for a subsidiary action in damages stemming from the nullity of a mortgage foreclosure begins to run when the marshal *adjudicates* the mortgaged property to a purchaser after the sale and bidding have taken place and the purchase money paid. *Id.* Following *Rios*, the bankruptcy court in the present case explained that:

> The certificate of sale drafted by the officer in charge of conducting the sale is a symbolic and material act whereby the property conveyance manifests itself. Likewise, the adjudication by the Marshal, represented by the certificate of sale, is a conveyance for price. The property is actually sold, since the purchaser has paid for the property in cash, by certified check, or by other credit bidding.

The bankruptcy court thus concluded that the certificate of sale produced at the judicial sale satisfied Rule 51.8, that title to the Property passed to the Buyer at the April 6, 2004, judicial sale without the execution and delivery of the marshal's deed, and therefore was not property of the estate when the bankruptcy case was filed.

The Panel disagrees with the result in the bankruptcy court, and instead, will adopt the reasoning of those courts using a literal interpretation of Rule 51.8, i.e., that the marshal's execution of a public deed is a prerequisite to passing title. *See Ortiz*, 306 B.R. at 731–32; *In re de Pablo*, Bk. No. 03–01830(JMD), slip. op. at 4–5 (Bankr.D.P.R. Mar. 2, 2004).[3] Reading

---

3. As of the date of filing of this decision, an appeal was still pending in the District Court in *In re de Pablo*, Bk. No. 03–01830(JMD).

Rule 51.8(d) literally, if a bankruptcy petition is filed after the property is adjudicated to a third party, but before the marshal has executed a public deed, title has not passed and the realty remains property of the bankruptcy estate. *Id.* These courts note the language of Rule 51.8 that the marshal "shall draft a certificate accounting for the sales proceeding" and "shall execute a public deed," (emphasis added), indicating that all of the enumerated steps are mandatory, and that a plain reading of the statute requires both adjudication of the property and execution of a deed by the marshal to effectuate transfer of title. *Ortiz,* 306 B.R. at 731–32; *Pablo,* Bk. No. 03–01830 at 8–9.

Proponents of the literal approach also note that a plain reading of Rule 51.8 is consistent with Puerto Rico history and legal tradition. *Pablo,* Bk. No. 03–01830 at 8–10. The Supreme Court of Puerto Rico has explained that in Puerto Rico a sale transaction is a two-step process, the first of which is the parties' agreement on the subject and price of the sale, and the second is delivery of the item sold. *Ortiz,* 306 B.R. at 732 (quoting *Varcárcel v. Sancho, Treasurer,* 61 P.R.R. 207, 211 (1942)); *In re Hernandez,* 244 B.R. 549, 552 (Bankr.D.P.R.2000) (citing *Varcárcel,* 61 P.R.R. at 210–11).

Addressing specifically the issue of delivery, the Supreme Court of Puerto Rico has stated that " 'ownership of the thing sold does not vest in the purchaser until the second stage takes place, that is, the consummation, which takes place at the time of the delivery of the thing sold.' " *Hernandez,* 244 B.R. at 552 (quoting *Varcárcel,* 61 P.R.R. at 211). In *Pablo,* the bankruptcy court held that "Rule 51.8(d) specifies that the execution of a public deed is the method of delivery." *Pablo,* Bk. No. 03–01830 at 9; *see also In re*

*Collazo,* Bk. No. 92–04530(ESL), slip. op. at 3–4 (Bankr.D.P.R. Apr., 1994).

Lastly, the literal approach to, or the plain reading of Rule 51.8 appears consistent with other provisions of Puerto Rico statutory law. *Ortiz,* 306 B.R. at 732; *Hernandez,* 244 B.R. at 552; *Pablo,* Bk. No. 03–01830 at 7, 9. To transfer title in a consensual sale of real property, Puerto Rico statutory law requires the execution of a public deed in favor of the purchaser, as well as delivery of the property to the purchaser. 31 P.R. Laws Ann. §§ 3012, 3811; *Ortiz,* 306 B.R. at 732; *Hernandez,* 244 B.R. at 552; *Pablo,* Bk. No. 03–01830 at 9. Similarly, to transfer title in a summary foreclosure procedure, Puerto Rico statutory law requires the marshal conducting the auction sale to "promptly and separately write up a memorandum of the auction" containing certain information, and then (after the auction price is deposited and the court approves the sale) prepare and deliver to the purchaser a deed of conveyance. 30 P.R. Laws Ann. §§ 2723, 2730; *Ortiz,* 306 B.R. at 731–32; *Pablo,* Bk. No. 03–01830 at 7.

For the reasons discussed above, this Panel will use a literal interpretation of Rule 51.8(d), and hold that, in Puerto Rico, where real property is sold at an ordinary judicial sale, title does not pass until the marshal executes and delivers the public deed, and that as here, where the debtor filed a bankruptcy petition after his property was "adjudicated" to the buyer at the sale, but before the marshal executed the public deed, title had not passed to the buyer, and the Property is property of the bankruptcy estate.

## CONCLUSION

While the Panel considered asking the Supreme Court of Puerto Rico to address

and speak to the issue raised in this appeal, we were unable to locate clear authority for doing so in the context of this litigation.[4] If and when appropriate, the Panel recommends that parties to future litigation over this issue seek review by the Puerto Rico Supreme Court, or the First Circuit Court of Appeals,[5] so that litigants in Puerto Rico may have clear guidance and (overdue) predictability of result on this issue. In the meantime, to the extent that it may be persuasive, although not binding, this Panel rules that the Decision appealed from is **REVERSED**, and **REMANDED** to the Bankruptcy Court, with instructions to enter judgment consistent with this opinion.

---

4. Rule 25(a) of the Rules of the Supreme Court of Puerto Rico provide that the Court "may entertain any matter certified to it by the Supreme Court of the United States of America, by a Circuit Court of Appeals of the United States of America, by a District Court of the United States of America, or by the highest appellate court of any state of the United States of America." The rule does not include bankruptcy courts or bankruptcy appellate panels within the list of courts from which it may consider certified questions. However, the highest appellate courts of other states have accepted certified questions from bankruptcy courts and appellate panels despite similar language in their rules. *See Treglia v. MacDonald,* 430 Mass. 237, 717 N.E.2d 249 (1999) (certified question accepted from bankruptcy appellate panel); *In re Shepard Co.,* 115 R.I. 290, 342 A.2d 918 (1975) (certified question accepted from a bankruptcy judge).

5. Section 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which became effective on October 17, 2005, amended 28 U.S.C. § 158 to insert a provision permitting direct certification of appeals by the bankruptcy court, the district court, or the bankruptcy appellate panel to the Court of Appeals. However, the amendment does not apply retroactively and is not applicable to this case.