### In re KEPECS.

### Appeal of JACOBS.

### (Supreme Court, Appellate Term. July 1, 1910.)

1. CONTEMPT (§ 10*)—MISCONDUCT OF ATTORNEY—ADVICE TO CLIENT.

An attorney is guilty of no wrongful act in advising his client of his legal rights and remedies; and hence is not guilty of contempt for advising his client to file a petition in bankruptcy or in actually filing the petition, though the client was undergoing examination in supplementary proceedings, and had been enjoined from disposing of or transferring any property.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 21; Dec. Dig. § 10.*]

2. BANKRUPTCY (§ 20*)—VOLUNTARY PETITION—PENDING PROCEEDINGS IN THE STATE COURTS.

The right to file a voluntary petition in bankruptcy is not limited or affected by any pending proceedings in the state courts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

3. BANKRUPTCY (§ 20*)—STATE COURTS—POWERS.

A state court has no power to suspend the operation of the bankruptcy law, or restrain a judgment debtor from availing himself of its provisions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 23, 40; Dec. Dig. § 20.*]

4. CONTEMPT (§ 21*)—DISOBEDIENCE TO ORDER OF STATE COURT—FILING PETITION IN BANKRUPTCY.

As a state court has no power to forbid the filing of a petition in bankruptcy, the filing of such a petition contrary to an order of that court cannot be in contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 63, 64; Dec. Dig. § 21.*]

5. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE TO ORDER—TRANSFER TO TRUSTEE IN BANKRUPTCY.

Where the court ordered a judgment debtor not to transfer or make any disposition of his property, the subsequent transfer of such property to a trustee in bankruptcy was by operation of law, and not contrary to the court's order.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1199; Dec. Dig. § 417.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from City Court of New York, Special Term.

Heard on application of Morton Kepecs to punish Montz Adler and Morris Jacobs for contempt of court. Defendant Jacobs was found guilty, and he appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Sternberg, Jacobson & Pollock (Henry W. Pollock, of counsel), for appellant Jacobs.

Goldsmith Bros. (Henry J. Goldsmith, of counsel), for respondent.

GUY, J. This appeal is taken from an order of the City Court of New York adjudging the appellant, an attorney at law, in contempt for having aided and abetted his client, a judgment debtor, in violating and disobeying an order in supplementary proceedings issued by said court, which forbade the judgment debtor "to transfer or make any other disposition of his property * * * or in any manner interfere therewith until the further order of the court." A motion to vacate said order was made and denied, and on the day set for his examination the judgment debtor failed to appear. Shortly thereafter the appellant herein, as attorney for the judgment debtor, who was admittedly acting under his advice and guidance, filed a voluntary petition in bankruptcy on behalf of the judgment debtor, the effect of which act, it is alleged, would, upon the appointment of the trustee in bankruptcy, transfer all of the judgment debtor's property to the custody and control of such trustee. Subsequent to the filing of said petition, the respondent made application to the City Court of New York for the punishment of the appellant herein for a contempt of court in having aided and abetted his client in violating and disobeying the order of said court. The court below held that the petitioner had been guilty of a contempt, and imposed a fine of $50 and costs as a punishment therefor.

In so holding the learned court erred. It was the attorney's professional duty to advise his client as to his legal rights and remedies, and in so doing he was not guilty of any wrongful act. The right to file a voluntary petition in bankruptcy is accorded to all citizens under the bankruptcy law (Act Cong. July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and is not limited or affected by any pending proceedings in state courts. On the contrary, it has been held that the bankruptcy court has power to stay all proceedings in state courts, which may affect the property of the bankrupt, including examinations in supplementary proceedings in said courts, and motions to punish for contempt and disobedience of orders issued therein by said courts. See In re Fortunato (D. C.) 123 Fed. 622; In re William E. De Lany & Co. et al. (D. C.) 124 Fed. 280. It being contemplated by the federal statute that a voluntary petition in bankruptcy for the benefit of all creditors may be filed by a bankrupt, even when, as a judgment debtor, he is under examination in supplementary proceedings in a state court, it can hardly be maintained that a state court has power to suspend the operation of the bankruptcy law and restrain a judgment debtor from availing himself of its provisions. Unless the state court had power in its restraining order to forbid the filing of such a petition, then the

filing thereof could not constitute a contempt on the part of the judgment debtor, and by advising, aiding, or abetting therein the attorney of a judgment debtor would not be guilty of a contempt. If the act of filing the petition in bankruptcy was not in itself wrongful or contemptuous, the judgment debtor or his attorney could not be held guilty of a contempt by reason of the legal effect flowing therefrom, namely, the transfer of all the judgment debtor's property to the trustee in bankruptcy when appointed. The transfer would be by operation of law and not such a voluntary act of transfer as was forbidden by the order of the City Court of New York.

The order should therefore be reversed, with $10 costs and disbursements to the appellant. All concur.