**In the Matter of Martin M. DECKER and Kathleen H. Decker, individually and jointly, Debtors.**

**Appeal of LEUMI FINANCIAL CORPORATION.**

**No. 71–1259.**

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1972.

Decided Aug. 8, 1972.

Pace Reich, Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for appellant.

Leon S. Forman, Wexler, Weisman, Maurer & Forman, Philadelphia, Pa., for appellee.

Before KALODNER, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

On February 12, 1971, an involuntary petition in bankruptcy was filed against Martin M. Decker and Kathleen H. Decker ("Debtors"). On February 17, 1971, the Bankruptcy Court entered an Amended Restraining Order enjoining "all persons," including creditors and sheriffs, from selling property of the Debtors, and from commencing, and continuing, any legal action against them.

On February 18, 1971, the Debtors filed a petition for a real property arrangement under Chapter XII of the Bankruptcy Act.[1]

The appellant, Leumi Financial Corporation ("Leumi") holds a $750,000 mortgage upon two parcels of ground in Bala-Cynwyd, Montgomery County, Pennsylvania. On December 17, 1970, Leumi instituted a foreclosure proceeding in the Court of Common Pleas of Montgomery County, and pursuant thereto a Sheriff's sale was scheduled for March 17, 1971. The foreclosure proceeding named as defendants the Robert Development Corporation ("Robert") which held legal title to the two parcels, and the Debtors.

On March 10, 1971, the Bankruptcy Trustees petitioned the Bankruptcy Court to issue an order requiring Leumi to show cause why it should not be restrained from proceeding with its action to enforce a lien upon the two parcels, and why the Sheriff's sale scheduled for March 17, 1971, should not be enjoined.

The Trustees' petition alleged in relevant part that (1) the Debtors are the equitable owners of the two parcels of ground and that Robert holds title as "straw"; (2) there is an equity in the parcels which should be preserved for the bankrupt estate and they will in all probability become an integral part of the Debtors' Plan or Arrangement, and (3) the foreclosure action and scheduled Sheriff's sale "have been automatically stayed by Section 428 of the Bankruptcy Act made applicable by the filing of the Chapter XII proceedings." 11 U.S.C.A. § 828.

The petition included as exhibits two unrecorded "Certificates of Nominal Title Holder," dated October 2, 1970, which alleged that Robert was the "Nominal Title Holder" and that Martin M. Decker was the real owner of the land.

A hearing on the petition was held in the Bankruptcy Court on March 12, 1971. At that hearing the Secretary of Robert verified the Certificates of Nominal Title Holder. Leumi refrained from cross-examination and offered no evidence. It challenged the jurisdiction of the Bankruptcy Court with respect to the foreclosure proceeding and Sheriff's sale.

On March 15, 1971, the Bankruptcy Court issued an Order enjoining the Sheriff of Montgomery County from proceeding with the sale scheduled for March 17, 1971, and it further enjoined Leumi "from selling or in any way in-

---

1. § 421, Bankruptcy Act, as amended June 22, 1938, 11 U.S.C.A. § 821.

terfering" with the two tracts of land involved in the foreclosure proceeding.

In an Opinion filed April 14, 1971, the Bankruptcy Court stated that "[t]he restraining order was predicated upon the proven allegation that legal title to the . . . . tracts of land was held by Robert, as nominal title holder or straw for Martin Decker and Kathleen H. Decker"; "[t]he real property holdings have great value"; and "[t]hat the piecemeal sale of the real property of the debtors will be catastrophic in its effect upon the structural value of the debtor's estate"; and that these factors created jurisdiction to enter the Restraining Order.

On this appeal, Leumi challenges the finding of the Bankruptcy Court that the Debtors are the "real owners" of the real estate involved in the foreclosure proceeding on the ground that it lacks jurisdiction to adjudicate, in a summary proceeding, a question of ownership of property held adversely to the bankrupt, except by consent of the adverse claimant, and here consent was expressly withheld. Leumi further contends that the question of ownership of the ground must be resolved in the Court of Common Pleas of Montgomery County, Pennsylvania, in which the foreclosure proceeding is pending.

The Bankruptcy Trustees, in reply, urge that the Bankruptcy Court's Restraining Order of March 15, 1971, was within its jurisdiction under the self-executing provisions of Section 428 of the Bankruptcy Act, 11 U.S.C.A. § 828, which provides as follows:

"Unless and until otherwise ordered by the court, upon hearing and after notice to the debtor and all other parties in interest, the filing of a petition under this chapter shall operate as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debtor."

The Bankruptcy Trustees further urge that the Bankruptcy Court is empowered by Section 414 of the Bankruptcy Act, 11 U.S.C.A. § 814, to issue its challenged Order. Section 414 provides in relevant part:

"The court may . . . enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon any property of a debtor."

Finally, the Trustees contend that Section 411 of the Bankruptcy Act, 11 U.S.C.A. § 811, vests the Bankruptcy Court with "exclusive jurisdiction of the debtor and his property." The cited section provides:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

■ The critical issue presented is whether the Bankruptcy Court had summary jurisdiction to decide the question of ownership of the two parcels of ground involved in the state court foreclosure proceeding.

These well-settled principles are applicable to resolution of this issue:

Upon filing of a bankruptcy petition all of the property in the bankrupt's actual or constructive possession passes at once into the custody of the bankruptcy court and becomes subject to its summary jurisdiction. Cline v. Kaplan, 323 U.S. 97, 98 [65 S.Ct. 155, 89 L.Ed. 97] (1944); Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 481 [60 S.Ct. 628, 84 L.Ed. 876] (1940); In re American Southern Publishing Company, 426 F.2d 160, 163 (5 Cir. 1970), cert. den. sub nom. Bailes v. First National Bank of Mobile, 400 U.S. 903 [91 S.Ct. 141, 27 L.Ed.2d 140.]

Where a bona fide claim adverse to that of the bankrupt estate is asserted to property which is not in the actual or constructive possession of the bankruptcy court, the claimant has the right to have the merits of his claim adjudicated in a plenary suit, and not summarily. Cline v. Kaplan, *supra*

[323 U.S.] 98–99 [65 S.Ct. 155]; Cherno v. Engine Air Service, Inc., 330 F.2d 191, 193 (2 Cir. 1964).

The commencement of a foreclosure proceeding in a state court vests that court with constructive possession of the mortgaged property, depriving the bankruptcy court of summary jurisdiction, whether or not the validity of the mortgage is challenged. Schmitt ·v. Blackwelder, 379 F.2d 278, 281 (2 Cir. 1967).

In the instant case the state foreclosure proceeding was commenced in December 1970 and the bankruptcy proceedings were not instituted until some two months later in February 1971.

Since the foreclosure proceeding vested the state court with constructive possession of the mortgaged property prior to the filing of the bankruptcy proceedings, the Bankruptcy Court was deprived of summary jurisdiction and it must be held to have erred in exercising such jurisdiction.[2]

■ It is clear, however, that while the Bankruptcy Court could not, as it did, summarily decide the question of ownership of the mortgaged property, that it could issue an Order staying the scheduled Sheriff's sale under the provisions of Section 414 of the Bankruptcy Act. It must be noted, parenthetically,

that the issuance of such a stay order would be a superfluity in view of the fact that Section 428 of the Bankruptcy Act automatically stays "any act or proceeding to enforce any lien" upon the filing of a Chapter XII petition.

■ It must be emphasized, however, that the stays authorized by Sections 414 and 428 are in the nature of temporary injunctions designed to maintain · the status quo, and that they are not coextensive with the right to ultimately decide issues of ownership. *See* In re International Power Securities Corporation, 170 F.2d 399, 404–405 (3 Cir. 1948). In In re Lustron Corp., 184 F.2d 789, 797 (7 Cir. 1950), cert. den. sub nom. Lafayette Steel Co. v. Lustron · Corp., 340 U.S. 946, 71 S.Ct. 531, 95 L. Ed. 682 (1951), it was held that such *temporary injunctions* "should not be continued indefinitely."

In the instant case, the March 15, 1971 Order[3] of the Bankruptcy Court did far more than merely stay the scheduled Sheriff's sale; by its express terms it *permanently* enjoined the Sheriff's sale and *permanently* enjoined Leumi (1) from proceeding with its state court proceeding; and (2) "from selling or in any way interfering" with the two parcels of ground involved in that proceeding.

2. The foreclosure proceeding was initiated in the state court by entry of a confession of judgment. Under Pennsylvania law "[s]uch judgment when entered carries with it the same legal consequences as any judgment of a court." Scott Factors, Inc. v. Hartley, 425 Pa. 290, 293, 228 A.2d 887, 888 (1967).

3.                "ORDER

"AND NOW, to wit, this 15th day of March, 1971, upon consideration of the foregoing petition and after hearing thereon, it is

"ORDERED, that LEUMI FINANCIAL CORPORATION, be and it hereby is enjoined and restrained from selling or in any way interfering with the real property of the Debtors consisting of 1.04 acres located on Monument Road in Bala-Cynwyd, Pennsylvania, referred to in the foregoing petition as the 'Monument' property, and approximately 6.25

acres also located on Monument Road, Bala-Cynwyd, Pennsylvania, referred to as 'Barclay Terrace,' legal descriptions thereof being attached to said petition as Exhibit 'A'; and it is

"FURTHER ORDERED that the said LEUMI FINANCIAL CORPORATION be and it hereby is enjoined and restrained from proceeding with the action instituted by it against Robert Development Company, Martin M. Decker and Kathleen H. Decker now pending in the Court of Common Pleas of Montgomery County, being No. 70–15868; and it is

"FURTHER ORDERED that the Sheriff of Montgomery County be and he hereby is enjoined and restrained from proceeding with the sale scheduled for March 17, 1971.

"BY THE COURT:

"/S/ Charles R. Weiner
                J."

In accordance with what has been said, the finding of the Bankruptcy Court that the Debtors are the real owners of the two parcels of ground involved in the state court foreclosure proceeding will be reversed and its Order of March 15, 1971 will be vacated with directions to enter such Order as will merely temporarily enjoin the scheduled Sheriff's sale and Leumi from proceeding with its mortgage foreclosure action in the state court.