SCHEB, Judge.
Appellant/defendant appeals the trial court’s order refusing to vacate a foreclosure sale and cancel the certificate of sale.
Appellee/plaintiff obtained a final judgment foreclosing a mortgage on the defendant’s improved real property in Dunedin, Florida. The final judgment scheduled a foreclosure sale for January 22, 1975. Prior to the sale, the defendant filed *559 a petition under Ch. XI of the Bankruptcy Act (11 U.S.C. § 701 et seq.) and sought a stay under Rule ll-44(a) of the Rules of Bankruptcy Procedure. Notice of the bankruptcy proceedings was furnished the trial court on January 20, 1975, but the court, nevertheless, ordered the clerk to proceed with the foreclosure as previously scheduled. The defendant’s property was sold and a certificate of sale in favor of Dan and Annette Macre was filed. On January 27, 1975, the defendant, pursuant to Fla.Stat. § 45.031(3), filed objections contending his petition in bankruptcy precluded any judicial sale subsequent to the filing of his petition. The trial court denied the defendant’s motion to vacate the sale and cancel the certificate of sale.
We agree with the defendant that under Rule 11 — 44(a) of the Rules of Bankruptcy Procedure, the defendant’s petition under Ch. XI of the Bankruptcy Act operated as a stay, thus it was error for the trial court to refuse to vacate the sale and cancel the certificate of sale. Accordingly, we reverse.
Under its authority to prescribe general rules for practice and procedure under the Bankruptcy Act (28 U.S.C. § 2075, 1973) the Supreme Court adopted Rule ll^!4(a) of the Rules of Bankruptcy Procedure effective July 1, 1974 which provides:
(a) Stay of Actions and Lien Enforcement. A petition filed under Rule 11-6 or 11-7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.
In commenting on the rule in 8 Collier on Bankruptcy § 323 [ 1 ], at 261 (1975) it is stated:
The automatic stay provisions of Rule 11-44, however, resolve any doubts which may have previously existed as to the necessity of procuring the court’s consent before proceeding to enforce a security interest on the debtor’s property ... . Any act to enforce the lien, such as commencement of foreclosure, seizure of the property subject to the lien, or any attempt to sell the property even though seized prior to the filing of the petition would be violative of the automatic stay. It matters not that foreclosure proceedings were instituted prior to the filing of the Chapter XI petition, for Rule 11-44 includes ‘continuation of any court proceeding to enforce any lien against the debtor’s property’ within the broad scope of the stay. (Emphasis supplied)
Since federal law in this field is plenary, it was the duty of the trial court to vacate the sale and cancel the certificate of sale previously issued.
We note that counsel for appellee, First Federal Savings & Loan of Clearwater, has filed a memorandum with this court acknowledging that the trial court erred in its refusal to set aside the foreclosure sale. Further, counsel for Dan and Annette Ma-cre, the bidders at such foreclosure sale, have also filed a memorandum acknowledging the sale must be set aside.
Accordingly, the sale previously held is vacated and the certificate of sale is can-celled and the case is remanded to the trial court for further proceedings.
McNULTY, C. J., and HOBSON, J., concur.