A. MUSTO CO., INC. *vs.* PIONEER COOPERATIVE BANK & others. June
1, 1979. A few days after the appellant Kipp brought the underlying
complaint in the Superior Court on behalf of his client, A. Musto Co.,
Inc. (Musto), seeking, inter alia, to enjoin foreclosure sales of Musto's
real estate by certain mortgagees, the trial judge issued an order
enjoining Kipp and Musto from filing "any ... form of legal action
concerning or comprehending the subject matter of this action and
against these defendants in any forum" without prior approval of the
judge. Seven days later Kipp, in behalf of Musto, filed a petition under
Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. (1976), in the
United States District Court for the District of Massachusetts. The
filing of the petition automatically stayed imminent foreclosure sales
of Musto's real estate by the defendant mortgagees (Fed. R. Bankrupt-
cy 11-44). The mortgagees brought the present complaint for contempt
against Kipp and his client asserting violation of the order of the trial
judge in the filing of the Chapter XI petition. The complaint for con-
tempt as against Musto was dismissed by consent, but after a hearing
before the judge, Kipp was adjudged to be in civil contempt for viola-
tion of the judge's order. The record lends no support to Kipp's conten-
tion that the judge should have disqualified himself from adjudicating
the complaint for contempt on the grounds of personal bias and preju-
dice. However, we conclude that he exceeded his authority in finding
as contemptuous Kipp's conduct in bringing the petition under Chap-
ter XI in the Federal District Court. Generally, a State court may not
enjoin parties from pursuing remedies in a Federal court, though an
exception to this rule may exist in cases where the State court has first
acquired jurisdiction in an action in rem or quasi in rem and needs to
maintain control of the property in order to effectuate its judgment.
*Princess Lida of Thurn & Taxis* v. *Thompson,* 305 U.S. 456, 465-468
(1939). *Donovan* v. *Dallas,* 377 U.S. 408, 412 (1964). Nevertheless, this
exception does not apply to enjoin a party under threat of citation for
contempt from filing a petition in bankruptcy. See *Bean* v. *American
Trust & Sav. Bank,* 271 S.W. 1111, 1113 (Tex. Civ. App. 1925). See
generally *In re Drake Motor & Tire Mfg. Corp.,* 16 F.2d 142, 145 (D.
Tenn. 1923); *Morgan* v. *State,* 154 Ark. 273, 280-281 (1922); *In re Kep-
ecs,* 123 N.Y.S. 872, 873-874 (Sup. Ct. 1910). Even though the Bank-
ruptcy Court in a Chapter XI proceeding would have no power ulti-
mately to affect the claim of a secured creditor, it does have jurisdic-
tion over the property to determine whether enforcement of such a
claim would threaten the legitimate interests of both unsecured credi-
tors and the debtor. *In re Freed & Co.,* 534 F.2d 1235, 1237-1238 (6th
Cir. 1976). *Bean* v. *American Trust & Sav. Bank, supra.* Once a bank-
ruptcy petition is filed, enforcement proceedings in other courts are
automatically stayed under the explicit command of rule 11-44 so that
the Bankruptcy Court may determine whether to continue the stay of

enforcement of secured creditors' claims.[1] See *In re Decker*, 465 F.2d 294, 296-297 (3d Cir. 1972); Advisory Committee Notes to Fed. R. Bankruptcy 11-44, 11 U.S.C.A. Rules of Bankruptcy Procedure at 340 (West 1977); 8 Collier, Bankruptcy par. 3.22[1], at 261 (14th ed. 1978). See also *Heritage Family Pub, Inc.* v. *First Fed. Sav. & Loan Assn.*, 315 So. 2d 558, 559 (Fla. App. 1975). The automatic stay precludes State court action even when a bankruptcy petition is filed after judgment in a foreclosure proceeding but before a foreclosure sale. *In re Decker, supra* at 297. See Collier, *supra* par. 3.20[3.2], at 237. In the circumstances, we think it was reasonable for Kipp to assume that the prohibition imposed by the judge's order did not operate as a bar to Kipp's resorting, in his client's behalf, to a procedure which was within the exclusive jurisdiction of the Federal court. The order adjudging Kipp in contempt is reversed and the complaint for contempt is dismissed.

*So ordered.*

*Roy Frank Kipp*, pro se.

[1] This is not to say that the Federal court, after ascertaining the validity of the foreclosure proceedings to protect the interests of both unsecured creditors and the debtor, should not dismiss the bankruptcy petition as it did in the present case. See *Smith* v. *Hill*, 317 F.2d 539, 542 n.5 (9th Cir. 1963); *In re Decker*, 465 F.2d 294, 297 (3d Cir. 1972).