In re **HERON POND, LLC, Debtor.**

No. 00–14979.

United States Bankruptcy Court,
D. Massachusetts.

Jan. 18, 2001.

Steven P. Perlmutter, Michael Enright, Clive D. Martin, Robinson & Cole, Boston, MA, for Emmes Capital, LLC.

Paul D. Moore, Donald Farrell, Duane, Morris & Heckscher, Boston, MA, Richard D. Belin, Foley, Hoag & Eliot, Boston, MA, for Heron Pond, LLC.

John J. Aquino, Anderson Aquino, LLP, Boston, MA, for the Official Committee of Unsecured Creditors.

PRELIMINARY BENCH DECISION ON MOTION OF EMMES CAPITAL, LLC, FOR RELIEF FROM STAY

WILLIAM C. HILLMAN, Chief Judge.

Heron Pond, LLC ("Debtor") filed its original Chapter 11 petition on July 25, 2000. Emmes Capital, LLC ("Emmes"), is the holder of a mortgage on real property of Debtor. On October 3, 2000, Emmes filed a motion for relief from the automatic stay seeking permission to continue with pending foreclosure proceedings against that property.

In the course of the preliminary hearings on the motion, Debtor disclosed that a foreclosure sale was pending at the time Debtor filed the present case and that post-petition Emmes continued the sale three times, into October and then into November and then to January 16, 2001. It was further revealed that the auctioneer which Emmes employed had been carrying a notice of the sale on its Internet web site post-petition. No authority to postpone

the sale or to advertise it had been granted.

At the hearing Debtor contended that the facts demonstrated bad faith on the part of Emmes as well as a violation of the automatic stay and sanctions would be appropriate. Emmes responded that continuance of a foreclosure sale is not a stay violation, and, even if it were, it was not a wilful violation for which sanctions would lie. I ordered the Internet listing to be removed and continued the hearing for a subsequent determination on Debtor's demand for sanctions. At the subsequent hearing on January 4, 2001, I rendered this decision and announced that I would issue a more formal written version later.

Were I to look at § 362 afresh, I would have no hesitation in holding that any continuation of a foreclosure sale during the post-petition period would be a violation of the automatic stay as constituting "the . . . continuation . . . of [an] action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Nevertheless, while that bar is stated in absolute terms, courts have held that it is subject to some limitations.

Both sides refer to Judge Feeney's decision, *Hart v. GMAC Mortgage Corp. (In re Hart)*, 246 B.R. 709 (Bankr.D.Mass.2000). In that case, which involved a single continuance during a Chapter 13 case, Judge Feeney refers to the majority view that continuance of a foreclosure sale is not a violation of the automatic stay. *Id.* at 739. She held that the single continuance was not a stay violation, specifically ruling that

> The Court's holding is limited to the facts of this case, as the Court can conceive of circumstances in which postponement of a foreclosure sale may violate the automatic stay. For example, if a secured party repeatedly continued the foreclosure sale for brief periods, it is conceivable that harassment rather than the preservation of the status quo would be motivating the creditor and warrant judicial intervention.

246 B.R. at 740 n. 29.

In particular Judge Feeney relied upon *Taylor v. Slick*, 178 F.3d 698 (3d Cir.1999)

and *Lugo v. Saez (In re Saez)*, 721 F.2d 848 (1st Cir.1983). Taylor is directly on point on its facts and holds that the continuation of a foreclosure sale is neither commencement nor continuation, but rather a postponement. *Saez* involved a sheriff's sale, and held that a single continuance during a Chapter 13 case (the sale was held after the case was dismissed) was not a stay violation.

I concur with Judge Feeney that there should not be an absolute rule allowing continuances of foreclosure sales in all circumstances. The right to continue must be subject to reasonable limitations.

Fortunately, there is guidance from the Supreme Court. In *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the Court held that a bank's temporary refusal to pay its debt to the debtor upon demand through the medium of an "administrative hold" was not an exercise of setoff rights and hence not a stay violation. The Court placed heavy emphasis on the temporary nature of the stoppage, and, since *Strumpf*, it has become a sound practice for a bank to supplement its administrative hold with a prompt motion for relief from stay. A delay of four months has been held to be a stay violation. *Town of Hempstead Employees Fed. Credit Union v. Wicks*, 215 B.R. 316 (E.D.N.Y.1997).

■ I hold that a single continuance of a foreclosure sale following the filing of a petition is not a violation of the automatic stay if, before the continued sale date, the creditor filed an appropriate motion for relief from stay. In all other instances of continued sales, the cases will be treated individually.

■ In the present case, given the obscurity of the prevailing legal rule (at least prior to this decision), I find that Emmes' actions were not such as to merit sanctions.

Treating the arguments made by Debtor as an objection *in limine* to the motion for relief from stay as well as a request for sanctions, the objection is overruled and sanctions are denied.

The evidentiary hearing on the motion for relief from stay previously scheduled will proceed in normal course.